The only question in this case was, whether, under the act of Assembly entitled “An act laying taxes for the support of government,” passed the 23d of January, 1799, (e) a merchant keeping two re-tail stores in the *same county, was compelled to take out a license for each store. (1) The County Court decided that a license for each store was necessary, and imposed a fine of 500 dollars on Ed-monds, for retailing goods at one of his stores without a license; he having two stores in the same county, and but one *158 license- From the decision of the County Court Edmonds appealed to the District Court, where the judgment was affirmed. The cause was brought up by a writ of supersedeas to this Court.
Wickham, for the plaintiff in error, contended that the tax under this' law was merely personal, nothing having been said, in the enacting clause, about a store. The words of the act are “upon an3r person’s producing to the commissioner of the revenue” a receipt for so much money he should grant a license in the manner therein prescribed to sell goods, &c. Nothing could create any doubt but the proviso to that clause, which declares that “not above one tax shall be paid on account of so selling at one and the same store. ” But he contended that a proviso never could have the effect of enlarging a general enacting clause. Where the general words of a law are plain, we never have recourse to the proviso.
The Attorney-General, for the defendant in error, contended that this was clearly a tax upon each store, and not a personal tax. The license was for permission to vend certain commodities; and the proviso being a part of the act must be taken into the construction of it, and is explanatory of the intention of the Eegislature that a tax was to be paid for each store.
If we look into the subsequent revenue laws, (a) we shall plainly perceive that it was the intention of the Eegislature that a tax should be paid upon each store: for the same proviso which is found in this act goes further, and says,' “and if any person shall possess two or more stores, he or she shall pay one tax for each store.” He did not say that this legislative exposition was obligatory on the Court; and he was well aware that it might be urged as an argument against the tax under the present law. But the general law and enacting clause was the same in all the acts. *Wickham, in reply, laid it down as a general proposition that a proviso in an act never enlarges its operation, in any case; much less in a penal law. The legislative exposition, which has been relied upon, clearly proves that they did not think this law embraced the case of a person’s selling goods at two stores-under one license, or they would not have changed the language of the proviso, in their subsequent revenue laws.
Tuesday, June 23. By the whole Court, the judgment of the District Court was reversed. _

 Rev. Code, c. 243, s. 2, p. 386. See also Sessions Acts of 1797, c. 1, s. 4.

 This act was afterwards amended, and a separate tax directed to be paid for each store. See Rev. Code, 1, v. p. 396, c. 255. s. 2, and the subsequent revenue laws annually passed. — Note In Original Edition.

 See Rev. Code, c. 255, s. 2, p. 396, and every annual revenue law since passed.